IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUCILA TORRIJOS,<br><br>      Plaintiff,<br><br>      v.<br><br>INTERNATIONAL PAPER COMPANY, INTERNATIONAL PAPER, INC. and TECASA INDUSTRIES USA, INC.<br><br>      Defendants. | Case No.   18-cv-2608<br><br>JURY TRIAL DEMANDED |

## **INTERNATIONAL PAPER COMPANY'S NOTICE OF REMOVAL**

Defendants International Paper Company ("IP" or "Removing Defendant"), and improperly named defendant International Paper, Inc., by and through their attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal of the action styled *Lucila Torrijos v. International Paper Company, International Paper, Inc. and Tecasa Industries USA, Inc.,* Case No. 2018-L-000075 (the "Action"), from the Circuit Court of Kane County, State of Illinois to the United States District Court of the Northern District of Illinois.

This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441(b), in that the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different States; and none of the defendants are citizens of the State in which the Action was commenced.

In support thereof, Removing Defendant states as follows:

## I. NOTICE OF REMOVAL IS TIMELY

1. On or about February 2, 2018, Plaintiff filed a Complaint against IP in the Circuit Court of Kane County, State of Illinois. This case has been assigned Case No. 2018-L-000075. *See* Plaintiff's Complaint, attached hereto and incorporated herein by reference as Exhibit A.

2. IP was served with the Summons and Complaint on March 16, 2018. *See* Notice of Service of Process, attached hereto as Exhibit B.

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within 30 days of IP's receipt of Plaintiff's Complaint, and within one year of the commencement of the Action.

## II. DIVERSITY JURISDICTION EXISTS

4. This Court has original subject matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), because (a) there is complete diversity of citizenship among the parties; (b) the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and cost; and (c) none of the parties in interest who are properly joined and served as defendants are citizens of Illinois.

**A.** **The Diversity of Citizenship Required is Satisfied.**

5. Upon information and belief, Plaintiff is an individual domiciled in the State of Illinois, and, therefore, for the purposes of this Notice of Removal, Plaintiff is a citizen of the State of Illinois. *See* Exhibit A, Count I ¶ 1.

6. Defendant IP is a corporation incorporated in the State of New York, with its principal place of business in Memphis, Tennessee, and, therefore, for the purpose of this Notice of Removal, IP is a citizen of the State of New York and the State of Tennessee.

7. Plaintiff has also named "International Paper Inc." as a defendant; however, no such separate entity exists, and the proper entity is "International Paper Company," whose citizenship is discussed above.

8. Upon information and belief, at the time the Complaint was filed and at the time of removal, Defendant Tecasa Industries USA, Inc., ("Tecasa") was a corporation incorporated in the state of Maryland with its principal place of business in Maryland, therefore, for the purpose of this Notice of Removal, Tecasa is a citizen of Maryland.

9. Plaintiff has named two respondents in discovery, Cano Container Corp. and Manpower, Inc., pursuant to Illinois law, 735 ILCS 5/2-402. Because neither Cano Container Corp. nor Manpower, Inc. are defendants, their citizenship is not considered for diversity. *See Allen v. Thorek Hospital*, 656 N.E.2d 227, 233 (Ill. App. Ct, 1st Dist. 1995) ("A respondent in discovery, however, is not a party to a lawsuit."). *See also Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485, fn. 3 (7th Cir. 1996) (where the court did not consider the Illinois citizenship of a respondent in discovery for purposes of determining diversity jurisdiction).

10. There is complete diversity of citizenship because Plaintiff is a citizen of Illinois, IP is a corporate citizen of New York and Tennessee, and Tecasa is a corporate citizen of Maryland. *See* 28 U.S.C. § 1332(a)(1)(court has diversity jurisdiction over citizens of different states).

**B.** **The Amount in Controversy Required is Satisfied.**

11. The amount in controversy requirement under 28 U.S.C. § 1332(a) requires the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.

12. Plaintiff's Complaint prays for judgment "in excess of $100,000.00," as such there is a reasonable probability that the claim placed at issue is an amount greater than Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. *Rising-Moore v.*

3

*Red Roof Inns, Inc.,* 435 F.3d 813, 815–16 (7th Cir. 2006); *Smith v. American General Life & Accident Ins. Co.,* 337 F.3d 888, 892 (7th Cir. 2003); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427–28 (7th Cir. 1997).

13. In light of the complete diversity of citizenship between the parties and the requisite amount in controversy, this Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

### III. CONSENT OF ALL DEFENDANTS

14. As of the date of this removal, Defendant Tecasa has not yet been served, and as such its consent is not required. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993), holding modified by *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006) (unserved defendants need not consent to removal); *see also City Of Yorkville ex rel. Aurora Blacktop Inc. v. Am. S. Ins. Co.*, 654 F.3d 713, 716 (7th Cir. 2011). On April 6, 2018, Removing Defendant's counsel's office called CT Corporation in Wilmington, DE, who was listed as Tecasa's registered agent. CT Corporation reported that it did receive a copy of the Kane County complaint and summons for 18-L-00075 on March 16, 2018; however, the service was rejected by CT Corporation as Tecasa has been dissolved for a period greater than five years.

15. As stated above, Defendant International Paper Inc., is not a separate entity and therefore not a proper defendant, as such it is not required to join in removal. *Shaw*, 994 F.2d at 369 (nominal or formal parties need not join in removal).

16. For the reasons stated above, consent to removal has been obtained by the necessary defendants.

### IV. REMOVAL TO THIS DISTRICT IS PROPER

17. Removal venue exists in the United States District Court for the Northern District of Illinois, and is proper in this Court, because the Circuit Court of Kane County, Illinois (where

4

the Action was originally filed) is within the jurisdiction of the Northern District of Illinois. *See* 28 U.S.C. § 1441(a).

19. Pursuant to 28 U.S.C. § 1441(a), copies of all process, pleadings, and orders on file in the state court, as well as copies of all other process, pleadings, and orders served to date upon the Removing Defendant are attached hereto. *See* Exhibits A, B and C.

19. Pursuant to 28 U.S.C. § 1446(d) prompt written notice of this Notice of Removal is being sent to Plaintiff and to the Clerk of Court for the Circuit Court of Kane County, Illinois. Copies of the Notice to Clerk and Notice to Plaintiff are attached hereto as Exhibits D and E, respectively.

20. IP reserves the right to amend or supplement this Notice of Removal.

21. IP requests a trial by jury.

WHEREFORE, International Paper Company requests that the case styled *Lucila Torrijos v. International Paper Company, International Paper, Inc. and Tecasa Industries USA, Inc,* Case No. 2018-L-000075, be removed to this Court and that this Court take subject matter jurisdiction over this matter.

Dated: April 11, 2018                                     HUSCH BLACKWELL LLP

                                                          By:   /s/ Jennifer L. Dlugosz
                                                                Jennifer L. Dlugosz (#6289378)
                                                                120 South Riverside Plaza, Suite 2200
                                                                Chicago, IL  60606
                                                                Phone: (312) 655-1500
                                                                jen.dlugosz@huschblackwell.com

                                                                *Attorney for Defendant International Paper Company*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of April, 2018, the foregoing Notice of Removal was mailed by first-class U.S. Mail, postage prepaid, and filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Anthony Bass
Grasso Bass PC
38 Blaine St, Ste 100
Hinsdale, Illinois 60521
(630) 654-4500
Abb123@ameritech.net

                                                     By: /s/Jennifer L. Dlugosz